UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00527-DJH-RSE

**DAVID RUSSELL ELLENBERGER**                                               **PLAINTIFF**
*d/b/a Internet Top 40.com, LLC*

**VS.**

**ALPHABET, INC**                                                                   **DEFENDANT**

## ORDER

This matter is before the Court on Plaintiff, David Russell Ellenberger's, *pro se* application to proceed without prepayment of fees. (DN 2).

In the application, Plaintiff Ellenberger lists no source of income over the past twelve (12) months, no financial accounts, no assets, including real or personal property, and no monthly expenses. (*Id*.). Thus, he provides no explanation for his present circumstances, including at the very least, how he is meeting his basic necessities, such as food and shelter. The application, therefore, fails to contain sufficient financial information for the Court to make a determination as to whether Plaintiff Ellenberger is entitled to proceed without prepayment of fees.

Additionally, the Court notes that it is not entirely clear whether Plaintiff is proceeding as an individual and/or as a corporation in this matter. In the Complaint caption, the Plaintiffs are listed as David Russell Ellenberger and InternetTop40.com, LLC. (DN 1 at p. 1). However, the portion of the Complaint where the Plaintiffs are to be listed identifies David Russell Ellenberger as the only Plaintiff. (*Id*. at p. 2). But in the portion of the Complaint where the filer is to state the basis for diversity jurisdiction, the Plaintiffs are listed as an individual, David Russell Ellenberger, and a corporation, InternetTop40.com LLC. (*Id*. at p. 4). Therefore, before proceeding with this

litigation, Plaintiff Ellenberger must clarify whether InternetTop40.com, LLC is also a Plaintiff to this action.

Moreover, the Court reminds Ellenberger that as an individual Plaintiff, he may represent himself in this matter *pro se*. However, if InternetTop40.com, LLC is a Plaintiff to this action, it is insufficient that the person attempting to represent a business entity is an officer or principal stockholder in that entity. *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970). Further, the Sixth Circuit is clear that a corporation shall not proceed in this litigation without counsel. *See e.g.*, *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *Bischoff v. Waldorf*, 660 F.Supp.2d 815, 820 (E.D. Mich. 2009) ("The Sixth Circuit has held that a corporation must appear by counsel or not at all.").

Accordingly, for the reasons explained above, and the Court being otherwise sufficiently advised;

**IT IS ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (DN 2) is **DENIED WITHOUT PREJUDICE**. Plaintiff Ellenberger **shall re-file an application to proceed without prepayment of fees** that contains sufficient financial information **within fourteen (14) days** from the entry date of this Order.

The **Clerk of Court is DIRECTED** to provide Plaintiff Ellenberger with a non-prisoner application to proceed without prepayment of fees with the instant case number affixed thereto.

**Plaintiff Ellenberger is WARNED that his failure to file the new application will result in dismissal** of the action for failure to comply with an order of this Court and for failure to prosecute.

**IT IS FURTHER ORDERED** that **within fourteen (14) days from the entry date of this Order**, Plaintiff Ellenberger must notify the Court in writing whether the corporation, InternetTop40.com, LLC, is a party to this action.

**If InternetTop40.com, LLC is in fact a Plaintiff to this action, that Plaintiff shall have an additional sixty (60) days from the entry date of this Order to retain counsel who shall enter an appearance on its behalf. Failure to do so will result in dismissal of the claim(s) asserted by InternetTop40.com, LLC.**

Copies:       Counsel of Record
              Plaintiff, *pro se*