**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **DAVID RUSSELL ELLENBERGER,** | |
| *Plaintiff*, | |
| **vs.** | Case Action No.: 3:19-CV-527-DJH-RSE |
| **ALPHABET, INC. PARENT COMPANY OF GOOGLE AND ADSENSE,** | |
| *Defendant*. | |

<u>**MOTION TO DISMISS OR TRANSFER AND, IN THE ALTERNATIVE,**</u>
<u>**TO STRIKE REQUEST FOR PUNITIVE DAMAGES**</u>

**Table of Contents**

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.    FACTUAL BACKGROUND ............................................................................... 1

     A.    Google's AdSense Program ...................................................................... 1

     B.    AdSense's Terms of Service .................................................................... 2

     C.    Plaintiff's AdSense Account and the Instant Litigation ........................ 3

III.   ARGUMENT ....................................................................................................... 3

     A.    The forum selection clause requires this litigation to be conducted in a state or federal court in Santa Clara County, California. ....................... 4

          1.    The forum selection clause is enforceable. ............................... 5

          2.    The forum selection clause should be enforced under the doctrine of *forum non conveniens*. ................................................................ 8

          3.    The Court should accordingly dismiss this case or, in the alternative, transfer it to the Northern District of California. ................... 9

     B.    Plaintiff's claim for punitive damages is barred pursuant to the contract. .......... 10

IV.   CONCLUSION .................................................................................................. 11

# Table of Authorities

**Page(s)**

**Cases**

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*,
571 U.S. 49 (2013) ................................................................................... *passim*

*Atsco Holdings Corp. v. Air Tool Serv. Co.*,
No. 15-cv-1586, 2016 WL 3078902 (N.D. Ohio June 1, 2016) .............................................10

*Bradley v. D&B Trucks & Equip., LLC*,
No. 12-cv-0697, 2017 WL 4102483 (W.D. Ky. Sept. 15, 2017)...................................4, 7, 10

*Carnival Cruise Lines, Inc. v. Shute*,
499 U.S. 585 (1991)...................................................................................5, 6

*Greenberg v. Life Ins. Co. of Va.*,
177 F.3d 507 (6th Cir. 1999) ..............................................................................3

*Ilkhchooyi v. Best*,
37 Cal. App. 4th 395 (1995) .............................................................................11

*Lorenzana v. 2nd Story Software, Inc.*,
No. 12-cv-0021, 2012 WL 2838645 (W.D. Ky. July 10, 2012) .......................................6, 7, 9

*Lowe v. Fishel Co.*,
No. 05-cv-0759, 2006 WL 8458039 (W.D. Ky. May 25, 2006) .....................................10, 11

*Moses v. Business Card Exp., Inc.*,
929 F.2d 1131 (6th Cir. 1991) ..............................................................................7

*MSDG Mobile, LLC v. Am. Fed., Inc.*,
No. 05-cv-0123, 2006 WL 515531 (W.D. Ky. Feb. 28, 2006)................................................9

*Onyx & Rose, LLC v. T1 Payments, LLC*,
No. 19-cv-0489, 2019 WL 7116111 (W.D. Ky. Dec. 23, 2019) ...........................................6

*Smith v. Aegon Cos. Pension Plan*,
769 F.3d 922 (6th Cir. 2014) ........................................................................ *passim*

*Smith v. Aegon Cos. Pension Plan*,
No. 12-cv-0697, 2013 WL 321632 (W.D. Ky. Jan. 28, 2013) .................................................3

*Veteran Payment Sys., LLC v. Gossage*,
No. 14-cv-0981, 2015 WL 545764 (N.D. Ohio Feb. 10, 2015)...........................................7, 8

**Table of Authorities**
(continued)

**Page(s)**

*Wong v. PartyGaming Ltd.*,
  589 F.3d 821 (6th Cir. 2009) ........................................................................... *passim*

**Statutes**

28 U.S.C.
  § 1404(a) ...................................................................................................... *passim*
  § 1406(a) ..............................................................................................................4

**Other Authorities**

1 B.E. Witkin, et al., *Summary of California Law*, Contracts § 901 (11th Ed.
  2019) .................................................................................................................11

Federal Rule of Civil Procedure
  12(b)(3) .................................................................................................................5
  12(b)(6) ...................................................................................................... *passim*
  12(f) ............................................................................................................ *passim*

## I.    INTRODUCTION

Plaintiff brings this case in a purported attempt to enforce his contract with Google LLC ("Google") (embodied in the AdSense Terms of Service ("the AdSense Terms")) while simultaneously trying to avoid the promises he made under that contract. The AdSense Terms require any claim arising from those Terms or from the AdSense services to be brought in a state or federal court in Santa Clara County, California. Ignoring that provision, Plaintiff filed suit in this district, seeking hundreds of thousands of dollars in compensatory damages and nearly $40 million dollars in punitive damages. But just as Plaintiff's contract does not allow him to pursue his claims before this Court, it also bars him from seeking punitive damages.

Accordingly, Defendant requests that the Court enforce the forum selection clause contained in Plaintiff's contract by dismissing this case under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, transferring this case to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a). Should the Court decline to enforce the forum selection clause, the Defendant requests that the Court strike Plaintiff's request for punitive damages under Federal Rule of Civil Procedure 12(f).

## II.    FACTUAL BACKGROUND

### A.    Google's AdSense Program

Google is a wholly owned subsidiary of Defendant Alphabet, Inc. As a leader in the digital space, Google offers a number of ubiquitous products, including Gmail and Chrome. Google also runs the advertising program "AdSense," whose policies are at issue in this case. (*See* Compl. ¶¶ III-IV.) AdSense is a program that enables individuals to monetize traffic on their websites. (*See* Compl. ¶ III.) Specifically, AdSense works by providing AdSense users with code that they can use on their sites to display ads. (*See* Compl. ¶ III.) Google then pays the website owners for

displaying these ads according to AdSense Terms. (*See* Decl. of Matt Solomon in Supp. of Mot. to Dismiss ("Solomon Declaration" or "Solomon Decl.") ¶¶ 3, 5; Ex. B § 5.)

**B.      AdSense's Terms of Service**

In order to use AdSense, individuals must agree to the AdSense Terms as well as the Policies incorporated by reference therein. (*See* Solomon Decl., Ex. B § 1.) Plaintiff is no exception. In fact, Plaintiff admits that he "entered into contractual agreement[s]" with Google by using his AdSense account and in fact seeks to enforce that very contract. (Compl. ¶ III.) That contract, i.e. the AdSense Terms, includes a number of provisions that are relevant here:

- "All claims arising out of or relating to the AdSense Terms or the [AdSense] Services will be governed by California law" and "***will be litigated exclusively in the federal or state courts of Santa Clara County, California*** . . . ." (Solomon Decl., Ex. B § 15 (emphasis added)); and

- Where permitted by law, "***[N]EITHER PARTY [SHALL] BE LIABLE . . . [FOR ANY] EXEMPLARY[] OR PUNITIVE DAMAGES***," and "EACH PARTY'S AGGREGATE LIABILITY UNDER THE ADSENSE TERMS IS LIMITED TO THE NET AMOUNT RECEIVED AND RETAINED BY THAT PARTICULAR PARTY IN CONNECTION WITH THESE ADSENSE TERMS ***DURING THE THREE MONTH PERIOD IMMEDIATELY PRECEDING THE DATE OF THE CLAIM.***" (Solomon Decl., Ex. B § 14 (emphasis added).)

- "[Google] may modify the Agreement [i.e., the AdSense Terms] at any time. . . . If you don't agree to any modified terms in the Agreement, you'll have to stop using the affected Services." (Solomon Decl., Ex. A § 4; *see also id.*, Ex. B § 4 (similar).)

To summarize, the contract Plaintiff seeks to enforce mandates that this case be brought in a state or federal court in Santa Clara County, California and bars him from seeking punitive damages. (Compl. ¶ III; Solomon Decl., Ex. B §§ 14-15.)

### C.    Plaintiff's AdSense Account and the Instant Litigation

In May 2017, Plaintiff signed up for an AdSense account, (Solomon Decl. ¶ 4), which he uses to display ads on his website InternetTop40.com, and which he continues to use to this day, (Compl. ¶ IV).  Plaintiff agreed to and accepted the AdSense Terms when he initially created his account in 2017 (Solomon Decl. ¶ 4; *see also id.*, Ex. A), and he agreed to the updated AdSense Terms when he continued to use his account after those updates were introduced (Solomon Decl. ¶ 5; *see also id.*, Ex. B).  (*See also* Compl. ¶ III.)[1]  Relying on those Terms, Plaintiff filed this suit, alleging that Google has failed to pay him money owed to him under the Parties' contract, i.e., the AdSense Terms.  (Compl. ¶¶ III-IV.)

### III.    ARGUMENT

For the reasons discussed herein, the Court should enforce the Parties' forum selection clause by either dismissing this case under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, transferring it to the United States District Court for the Northern District of California

---

[1] As Plaintiff refers to his "contractual agreement(s)" with Google, i.e., the AdSense Terms, and bases him claim(s) on the Terms (*see* Compl. ¶ III), the Court can and should consider the versions of the AdSense Terms attached as Exhibits A and B to the Solomon Declaration when ruling on this motion.  As set forth in the accompanying Solomon Declaration, these versions of the AdSense Terms govern or have governed Plaintiff's AdSense account.  (Solomon Decl. ¶¶ 4-5.)  *See, e.g.*, *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (where a document "is not formally incorporated by reference or attached to a complaint" but "is referred to in the complaint and is central to the plaintiff's claim," it "may be still be considered part of the pleadings" when resolving a Rule 12(b)(6) motion) (citation and internal quotations omitted); *Smith v. Aegon Cos. Pension Plan*, No. 12-cv-0697, 2013 WL 321632, at *1-2 (W.D. Ky. Jan. 28, 2013) (applying this principle in order to consider a forum selection clause in a pension plan when ruling on a motion to dismiss), *aff'd by* 769 F.3d 922 (6th Cir. 2014).

under 28 U.S.C. § 1404(a).  Should the Court retain the case, the Defendant requests that the Court strike Plaintiff's request for punitive damages pursuant to Rule 12(f).

### A.    The forum selection clause requires this litigation to be conducted in a state or federal court in Santa Clara County, California.

To determine whether to enforce a forum selection clause, courts must answer two questions: (1) whether the forum selection clause is enforceable; and, if so, (2) whether the forum selection clause must be enforced under the doctrine of *forum non conveniens*.[2]  *Bradley v. D&B Trucks & Equip., LLC*, No. 12-cv-0697, 2017 WL 4102483, at *1 (W.D. Ky. Sept. 15, 2017).  "[T]he Supreme Court has announced a federal policy favoring enforcement of forum selection clauses," and as such, the party opposing the enforcement of the forum selection clause bears the burden of showing that the clause is not enforceable or that it otherwise should be not enforced in the circumstances.  *See Wong v. PartyGaming Ltd.*, 589 F.3d 821, 826, 828 (6th Cir. 2009) (holding that party opposing forum selection clause bears burden of showing that clause is not enforceable); *see also Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*, 571 U.S. 49, 63-64 (2013) (holding that party opposing forum selection clause bears burden of showing doctrine of *forum non conveniens* does not support enforcement).

Once a court determines that a forum selection clause is enforceable and that it should be enforced, the court can either dismiss the case under Federal Rule of Civil Procedure 12(b)(6) or, if the forum selection clause selects a federal forum, transfer the case to that forum under 28 U.S.C. § 1404(a).  *See Atl. Marine*, 571 U.S. at 60-61 (holding that Section 1404(a), but not Section

---

[2] Forum selection clauses that select a state or foreign forum are governed by the doctrine of *forum non conveniens*.  *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court of W. D. of Tex.*, 571 U.S. 49, 60 (2013).  Similarly, forum selection clauses that select a federal forum are analyzed under the factors enumerated in Section 1404(a), which "is merely a codification of the doctrine of *forum non conveniens*."  *Id.*  Accordingly, "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum," *id.* at 61 (citations omitted), which analysis is described *infra*.  (*See infra* Section III(2).)

-4-

1406(a) or Rule 12(b)(3), is available to enforce a forum selection clause that selects a federal forum and leaving open the question whether Rule 12(b)(6) is also appropriate); *see also Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 933-34 (6th Cir. 2014) (citing *Atlantic Marine* and holding that Rule 12(b)(6) is also available to enforce a forum selection clause).

Here, Plaintiff admits he agreed to a contract. (Compl. ¶ III). That contract contains a mandatory forum selection clause selecting state or federal courts in Santa Clara County, California that governs Plaintiff's claim(s) regarding the AdSense Terms and Services. (Solomon Decl., Ex. A § 14 & Ex. B § 15.) For the reasons discussed herein, that clause is enforceable and should control here, and the Court should accordingly dismiss this case or, in the alternative, transfer the case to the United States District Court for the Northern District of California.

### 1.   The forum selection clause is enforceable.

To determine whether a forum selection clause is enforceable, the Sixth Circuit employs a three part test: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828 (citation omitted). The party opposing enforcement must make a "strong showing" that these factors demonstrate that the clause is not enforceable. *Id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). Here, Plaintiff cannot show that any of these factors are met.

***First***, Plaintiff cannot show that the forum selection clause at issue here, which is found in the AdSense Terms of Service, was the product of fraud, duress, or other unconscionable means. Plaintiff voluntarily signed up to use AdSense. Indeed, Plaintiff alleges that he "entered into contractual agreements(s)" with Google and in fact seeks to enforce those very contracts, (Compl. ¶ III), suggesting he does not believe the forum selection clause was itself unfairly obtained.

Nor could Plaintiff establish unfairness, should he raise such an argument now.  First, although Plaintiff alleges that Google committed fraud by not issuing certain payments owed to him, "[g]eneral claims of fraud . . . 'do not suffice to invalidate the forum selection clause'"; instead, a Plaintiff must show "fraud in the inclusion of the forum selection clause itself." *Lorenzana v. 2nd Story Software, Inc.*, No. 12-cv-0021, 2012 WL 2838645, at *3 (W.D. Ky. July 10, 2012) (citation omitted).  Plaintiff has not done so here.

Second, even if Plaintiff were to point to the fact that the forum selection clause appears in a standard form contract, that fact is insufficient to show that the clause was a product of fraud, duress, or other unconscionable means.  *See, e.g.*, *Onyx & Rose, LLC v. T1 Payments, LLC*, No. 19-cv-0489, 2019 WL 7116111, at *2 (W.D. Ky. Dec. 23, 2019) (finding that inclusion of forum selection clause in form contract, even one that was entered into "by parties on unequal financial footing, does not arise to the level of fraud, duress, or other unconscionable means") (citation omitted); *Carnival Cruise Lines*, 499 U.S. 585 at 593 (upholding forum selection clause in form contract found on the back of a cruise ticket); *Wong*, 589 F.3d at 829 ("[T]he Supreme Court has held that a forum selection clause is not unreasonable simply because it appears in a non-negotiated consumer contract.") (citation omitted); *Smith*, 769 F.3d at 930 (similar).  As such, the first factor articulated in *Wong* weighs in favor of concluding the forum selection clause is enforceable.

**Second**, there is no reason to believe that state and federal courts in California would ineffectively or unfairly handle this case.  *See Wong.*, 589 F.3d at 829 (recognizing that "[d]ifferent or less favorable foreign law or procedure alone does not satisfy this prong" and that plaintiffs must instead show that they "will be denied any remedy or will be treated unfairly") (citation omitted).  Where—as here—the chosen forum is a state or federal court in the United States, courts routinely find that the chosen forum is adequate and that the second factor articulated in *Wong*

weighs in favor of enforcing a forum selection clause. *See, e.g.*, *Lorenzana*, 2012 WL 2838645 at *4 ("The federal courts of Iowa are fully capable of effectively and fairly adjudicating this suit."); *Bradley*, 2017 WL 4102483 at *4 (finding state and federal courts in Minnesota were adequate forums). Because the forum selection clause here mandates suit in a state or federal court in Santa Clara County, California, this factor also supports the clause's enforceability.

*Third*, Plaintiff cannot show that the forum selection clause is so inconvenient as to be unjust or unreasonable. Courts analyzing this factor have held that a plaintiff must show something "more than mere inconvenience of the party seeking to avoid the clause." *Wong*, 589 F.3d at 829 (citation omitted). Instead, the party opposing the forum selection clause must show "that enforcement of the clause would be so manifestly and gravely inconvenient . . . such that [he or she] will effectively be deprived of a meaningful day in court." *Veteran Payment Sys., LLC v. Gossage*, No. 14-cv-0981, 2015 WL 545764, at *5-6 (N.D. Ohio Feb. 10, 2015) (citations, internal quotations, and alterations omitted).

Here, Plaintiff cannot make that showing. Indeed, even where parties opposing forum selection clauses "are not sophisticated business entities with the ability to negotiate the forum," and thus even where transferring the case "would no doubt be an inconvenience" to that party, courts routinely find that a forum selection clause is just and reasonable. *Lorenzana*, 2012 WL 2838645 at *5 (citation omitted); *see also Wong*, 589 F.3d at 829-30. In fact, even where a party would suffer "financial hardship" were the forum selection clause to be enforced, "this is not a reason for declaring such a forum selection clause invalid" as "[u]nless all parties reside in the selected jurisdiction, any litigation will be more expensive for some than for others." *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1139 (6th Cir. 1991); *see, e.g.*, *Lorenzana*, 2012 WL 2838645 at *5 (finding claim that transferring case "would result in financial hardship" was

insufficient to show forum selection clause was unjust or unreasonable and recognizing that "this is not a reason for declaring such a forum selection clause invalid"); *Veteran Payment Sys.*, 2015 WL 545764 at *6 (finding plaintiff's representation that he was "nearly bankrupt and did not have the funds to litigate th[e] action so far from his home" insufficient to show third factor under *Wong*). As such, Plaintiff cannot show that this factor weighs in his favor, either.

Accordingly, the forum selection clause in Plaintiff's contract is enforceable.

## 2. The forum selection clause should be enforced under the doctrine of *forum non conveniens*.

Once a court determines a forum selection clause is enforceable, the United States Supreme Court precedent teaches that courts should enforce it absent "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine*, 571 U.S. at 62; *see also id.* at 59-60 ("[A] proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases.") (citation and internal quotations omitted).

The analysis of whether a forum selection clause should be enforced is governed by principles of *forum non conveniens.* (*See supra* n.2.)[3] Normally, the *forum non conveniens* analysis focuses on whether "the convenience of parties and witnesses" and "the interest of justice" support enforcing the forum selection clause. *Atl. Marine*, 571 U.S. at 62-63 (quoting 28 U.S.C. § 1404(a)). But where a valid forum selection clause is at issue, the *forum non conveniens* analysis must be adjusted in three ways: (1) "the plaintiff's choice of forum merits no weight"; (2) courts "should not consider arguments about the parties' private interests" and must instead "deem the private-interest factors to weigh entirely in favor of the preselected forum"; and (3) the original venue's choice of law rules will not follow the case if the case is transferred, which "in some

---

[3] Given that the *forum non conveniens* and Section 1404(a) analyses are the same for forum selection clauses that respectively designate foreign and federal forums, for convenience, Google refers to the two analyses interchangeably.

circumstances may affect public-interest considerations." *Atl. Marine*, 571 U.S. at 63-65 (citations omitted).  In sum, under this adjusted analysis, courts may only consider public-interest factors, and as "those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control expect in unusual cases." *Id.* at 64.

Here, the public-interest factors ***support*** enforcement of the forum selection clause rather than weigh against it.  Indeed, when assessing the public interest, courts should consider "the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. at 62 n.6 (citation omitted).  The contract between Plaintiff and Google designates California law in addition to selecting state or federal courts in Santa Clara County, California. (*See* Decl. Solomon Decl., Ex. A § 14 & Ex. B § 15.)  As such, this factor weighs in favor of enforcing the forum selection clause as well.  *See Lorenzana*, 2012 WL 2838645 at *7 (holding public interest supported enforcing forum selection clause designating the United States District Court for the Northern District of Iowa where choice of law clause selected Iowa law); *see also MSDG Mobile, LLC v. Am. Fed., Inc.*, No. 05-cv-0123, 2006 WL 515531, at *3 (W.D. Ky. Feb. 28, 2006) (similar analysis where forum selection clause and choice of law clause designated Missouri).  In other words, as there is no reason to believe this is an "exceptional case," the Court should enforce the forum selection clause.

       **3.**      **The Court should accordingly dismiss this case or, in the alternative, transfer it to the Northern District of California.**

As described *supra*, at least where a forum selection clause designates a federal forum, there are two possible mechanisms available to a court in the Sixth Circuit to enforce the forum selection clause. (*See supra* Section III(A).)  First, where a forum selection clause selects a ***federal*** forum (but not where a forum selection clause selects a state or foreign forum), courts can enforce the clause by transferring the case to that forum under 28 U.S.C. § 1404(a) or by dismissing the

case under Rule 12(b)(6).  *See Atl. Marine*, 571 U.S. at 61-62; *see also Smith*, 769 F.3d at 933-34. Second, where a forum selection clause selects a state or foreign forum, courts can dismiss the case under Federal Rule of Civil Procedure 12(b)(6) pursuant to the principles of *forum non conveniens*.  *See Smith*, 769 F.3d at 933-34; *cf. also Atl. Marine*, 571 U.S. at 61-62.

As the forum selection clause in this case mandates a state *or* federal forum in Santa Clara Country, California, the Court should enforce this clause by dismissing the case pursuant to Rule 12(b)(6).  *See Bradley*, 2017 WL 4102483 at *4 (dismissing a case under Rule 12(b)(6) where forum selection clause selected state or federal forums in Minnesota); *see also Atl. Marine*, 571 U.S. at 60 (noting that federal courts cannot transfer a case to state court under Section 1404(a)). Should the Court decline to dismiss this case, Defendant requests that the Court transfer the case to the United States District Court for the Northern District of California pursuant to Section 1404(a).

**B.     Plaintiff's claim for punitive damages is barred pursuant to the contract.**

If the Court decides not to dismiss or transfer this case, Defendants respectfully requests that it strike Plaintiff's request for punitive damages.  Federal Rule of Civil Procedure 12(f) permits courts to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. "The court may grant a motion to strike where the complaint contains allegations having no bearing on the subject matter of the litigation, or *where the requested relief is unavailable*."  *Lowe v. Fishel Co.*, No. 05-cv-0759, 2006 WL 8458039, at *1 (W.D. Ky. May 25, 2006) (citing *Wrench v. Taco Bell Corp.*, 36 F. Supp. 2d 787, 798 (W.D. Mich. 1998)) (emphasis added); *see also Atsco Holdings Corp. v. Air Tool Serv. Co.*, No. 15-cv-1586, 2016 WL 3078902 (N.D. Ohio June 1, 2016) ("A motion to strike should also be granted where the requested relief is unavailable.") (citation omitted).

-10-

So is the case here.  Plaintiff's contract with Google provides (1) that neither party is liable for punitive damages and (2) that neither party can be liable for damages in excess of the amount received by that party in relation to the contract in the three months immediately preceding the filing of the complaint.  (Solomon Decl., Ex. B § 14 (quoted above); *see also id.*, Ex. A § 13.) Under those provisions, Plaintiff's requested relief in the form of punitive damages is clearly unavailable.  Moreover, to the extent Plaintiff is bringing a claim for breach of contract as opposed to a fraud claim,[4] Plaintiff's request for punitive damages would be independently barred by California law, which governs this case, (*see* Solomon Decl., Ex. B § 14).  *See, e.g.*, 1 B.E. Witkin, et al., *Summary of California Law*, Contracts § 901 (11th Ed. 2019) ("[P]unitive damages are never recoverable for breach of contract, no matter how willful or malicious, except where the wrongful act is also a tort."); *see, e.g.*, *Ilkhchooyi v. Best*, 37 Cal. App. 4th 395, 412 (1995) (similar). Accordingly, the Court should strike Plaintiff's request for punitive damages.  *See Lowe*, 2006 WL 8458039 at \*2 (striking punitive damages where barred by statute).

IV.    **CONCLUSION**

For the reasons discussed herein, Defendant requests that the Court enforce the forum selection clause by dismissing this case under Rule 12(b)(6) or, in the alternative, transferring it to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a). Should the Court retain the case, Defendant requests that it strike Plaintiff's request for punitive damages under Rule 12(f).

---

[4] While Plaintiff checked the box "Other Fraud" when describing the nature of his suit, (*see* Compl., Civil Cover Sheet), his allegations sound in breach of contract, (*see* Compl., ¶ IV ("Actual monies owed are for actual fulfillment of actual contracts.").

Date: January 24, 2020                    Respectfully submitted,

                        By:     */s/ Kelsey R. Spector*
                                Kelsey Spector (*pro hac vice*)
                                Aarti G. Reddy (*pro hac vice*)
                                Jeffrey M. Gutkin (*pro hac vice*)
                                COOLEY LLP
                                101 California Street, Fifth Floor
                                San Francisco, California 94111
                                Tel: (415) 693-2000
                                kspector@cooley.com
                                areddy@cooley.com
                                jgutkin@cooley.com

                                Scott P. Zoppoth (KY Bar No. 83905)
                                THE ZOPPOTH LAW FIRM
                                635 West Main Street, Suite 400
                                Louisville, Kentucky 40202
                                Tel:  (502) 568-8884
                                Fax:  (502) 568-1319
                                spz@zoplaw.com

                                *Counsel for Defendant, Alphabet, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on January 24, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of the same via electronic filing and by regular U.S. Mail to:


David Russell Ellenberger
1040 Cherokee Road, Apartment 1C
Louisville, Kentucky 40204


                                  /s/ Kelsey R. Spector
                                  Kelsey R. Spector

218606977