1  JEFFREY M. GUTKIN (216083)
   (jgutkin@cooley.com)
2  AARTI REDDY (274889)
   (areddy@cooley.com)
3  KELSEY R. SPECTOR (321488)
   (kspector@cooley.com)
4  101 California Street, 5th Floor
   San Francisco, California 94111-5800
5  Telephone:   +1 415 693 2000
   Facsimile:   +1 415 693 2222
6
   Attorneys for Defendant
7  ALPHABET, INC.

8

                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          OAKLAND DIVISION
11

12 | DAVID RUSSELL ELLENBERGER,        | Case No. 4:20-cv-04877-SBA
13 |                                    |
   |         Plaintiff,                 | **JOINT CASE MANAGEMENT STATEMENT
14 |                                    | PURSUANT TO FED. R. CIV. P. 26(F) AND
   |    v.                              | L.R. 16-9**
15 | ALPHABET, INC.,                    |
   |                                    | Date:   December 10, 2020
16 |         Defendant.                 | Time:   3:00 p.m.
                                         | Judge:  Hon. Saundra B. Armstrong

# JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

Pro se Plaintiff David Russell Ellenberger ("Plaintiff") and Defendant Alphabet, Inc. ("Google"), by and through its respective counsel of record, hereby jointly submit this Case Management Statement and Rule 26(f) Report pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, Federal Rule of Civil Procedure 26(f), and the Court's order setting the Initial Case Management Conference for December 10, 2020. This Joint Case Management Statement follows the Parties' Rule 26(f) conference on November 19, 2020.

## I.   JURISDICTION AND SERVICE

**Plaintiff's Position:** This is a case of Wire Fraud with Deliberate Indifference as pertains to the internet around the entire United States of America and world at large.

**Google's Position:** Google reserves its right to challenge subject matter jurisdiction, including in response to any amended complaint.

## II.   FACTS

**Plaintiff's Position:** Google uses algorithms heuristics, bots and misdirection to count pageviews which should be an absolute number. They have complete control of the counting and the paying and in general the entire process. During this "Process" which they have complete control over they pass off real pageviews as fake. These pageviews are extremely important as they determine the amount the advertiser owes and how much the website owner is paid, yet if you ask Google they are all fake pageviews, the numbers simply don't add up. This is just one method they employ to convey them as "Fake" pageviews and thus fraudulently allowing them to keep millions of dollars that would otherwise go to the website owners. I have evidence that proves on average 90% of the pageviews from my website are not being counted among other things. I am just 1 of millions of others who either don't care are unaware or feel there is nothing they can do. Google has induced millions to create websites with the promise of possible payments that never materialize.

**Google's Position:** Google owns and operates AdSense, a free advertising service that allows users to display ads on their websites. Plaintiff uses AdSense to display ads on his site InternetTop40.com. When Plaintiff created his AdSense account, he agreed to the AdSense Terms of Service ("TOS"). *See* ECF No. 1 ¶ III. Pursuant to that contract, Plaintiff agreed that he would be paid only for valid clicks and impressions; that Google has the right to adjust payments to account for invalid activity, such as spam or bot traffic; that payments will be calculated solely based on Google's accounting; and that Plaintiff would not be paid until his account balance equaled or exceeded $100. *See id.*; *see also* ECF Nos. 22-3 § 5 & 22-4 § 5. Plaintiff further agreed that neither he nor Google would be liable for punitive damages or damages in excess of the money received in relation to his account in the three months preceding any claim. *See* ECF Nos. 22-3 § 13 & 22-4 § 14. Finally, Plaintiff also agreed that (1) in the event he disputed any payment or non-payment, he would appeal that payment or nonpayment event within 30 days, and (2) if he failed to do so, any related claim would be waived. *See* ECF Nos. 22-3 § 5 & 22-4 § 6. Notably, Plaintiff's Complaint does not allege compliance with this procedure, and Plaintiff does not contest that he agreed to the aforementioned provisions. Google maintains that these provisions bar any claim for non-payment brought by Plaintiff.

Given that Plaintiff's Complaint does not contain facts sufficient for Google to understand the nature of any fraud claim, and given that Plaintiff has yet to file any amended complaint, Google respectfully submits that any detailed discussion or refutation of any allegations in support of any fraud claim that Plaintiff purports to bring is premature.

**III.   LEGAL ISSUES**

**Plaintiff's Position:** Google is committing Wire Fraud With Deliberate Indifference on a worldwide scale all done in secret inside a computer so as to defray any liability and make it easier to misconstrue proof and the real numbers. But we know people program computers and those people all work for Alphabet inc. aka Google.

**Google's Position:** Given that Plaintiff has not yet filed an amended complaint, Google cannot know precisely what legal issues the Court will need to resolve in the course of this litigation. At the present time, and reserving all rights to assert any and all additional grounds after

Plaintiff files his amended complaint, Google states that the following legal issues may be at issue:

1. Whether Plaintiff waived any claim for non-payment;

2. Whether Plaintiff has stated a breach of contract claim;

3. Whether Plaintiff is entitled to compensatory damages in excess of contractual limitations and whether he is entitled to punitive damages; and

4. Whether Plaintiff has stated a fraud claim.

## IV. MOTIONS

**Prior Motions:** On January 24, 2020, Google moved to dismiss or transfer this case based on the forum selection clause in the AdSense TOS and, in the alternative, to strike Plaintiff's request for punitive damages. *See* ECF No. 22. In response, on February 10, 2020, Plaintiff filed a "Motion to Sue for Fraud, Motion to Keep the Case in the Western District of Kentucky, Motion to Assess Punitive Damages, Motion for Interrogatories, Motion to Depose." *See* ECF No. 24. On May 6, 2020, Plaintiff additionally filed a "Motion to Allow Newly Discovered Evidence and Keep Punitive Damages and the Trial in Louisville, Ky." *See* ECF No. 30. On May 21, 2020, Google filed a motion to strike Plaintiff's May 6, 2020 filing. *See* ECF No. 31. In response to Google's motion to strike, Plaintiff filed a response indicating he thought his May 6, 2020 filing was moot and/or that he wanted to rescind the May 6, 2020 filing. *See* ECF No. 34. On July 17, 2020, the United States District Court for the Western District of Kentucky granted Google's January 24, 2020 motion in part and transferred this case to this Court. *See* ECF No. 35 at 11. In that same order, the court denied the other pending motions (ECF Nos. 24, 30, 31, and 34) as moot. *See* ECF No. 35 at 11.

**Pending and Anticipated Motions:** At the Rule 26(f) conference, Google discussed its intent to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) with Plaintiff. In response, Plaintiff indicated he would seek leave to amend his complaint, and he filed a motion for leave to amend on November 20, 2020. *See* ECF No. 48.

Google does not oppose any such amendment but reserves the right to bring a motion to dismiss any amended complaint pursuant to Rule 12(b)(6). In the interests of judicial economy, Google would prefer to test the viability of Plaintiff's complaint, whether through a Rule 12(c)

1  challenge to the existing Complaint or a Rule 12(b)(6) challenge to any amended complaint, as
2  soon as practicable.
3        On December 1, 2020, Plaintiff also filed a Motion to Compel Discovery of Documents.
4  *See* ECF No. 49.
5        **Google's Position:** As Plaintiff has not yet served any discovery, his Motion to Compel is
6  premature and procedurally improper. In the interest of efficiency, Google would prefer to address
7  this Motion at the Case Management Conference, but it is prepared to file an opposition if
8  necessary.
9  V.    AMENDMENT OF PLEADINGS
10       Google does not oppose Plaintiff's recent motion to amend his complaint, *see* ECF No. 48,
11 but believes that any further amendment sought after the pending motion is decided should be
12 permitted only with leave of court.
13 VI.    EVIDENCE PRESERVATION
14       Google has reviewed the Guidelines Relating to the Discovery of Electronically Stored
15 Information and has taken reasonable and appropriate steps to preserve evidence relevant to the
16 issues in this action. Plaintiff is working to review the Guidelines and has discussed evidence
17 preservation with Google.
18 VII.    DISCLOSURES
19       The parties stipulate to extending the deadline for Rule 26 initial disclosures until 21 days
20 after any Rule 12 motion(s) brought by Google (whether to the existing complaint, the forthcoming
21 amended complaint, or any subsequent amended complaints) are resolved.
22 VIII.    DISCOVERY
23       **Discovery Taken to Date:** None.
24       **Plaintiff's Position on Anticipated Discovery:** Please see my recent amendment dated
25 12/01/2020 I reserve the right to make other discoveries related to data collection at a future time
26 as appropriate.
27       **Google's Position on Anticipated Discovery:** At this early stage of the litigation, and
28 given that Plaintiff has not yet filed an amended complaint, the appropriate scope of discovery is

1  unknown. Google expects to bring either a Rule 12(c) motion in response to Plaintiff's original
2  complaint or a Rule 12(b)(6) motion in response to any amended complaint, which may eliminate
3  or substantially reduce the scope of the case and thus the corresponding scope of discovery.
4  Therefore, Google's position is that discovery should be stayed until after the Court rules on
5  Google's anticipated Rule 12 motion(s).

6  Google does not presently believe any modification, limitation, or other deviation from the
7  discovery rules is required. Google believes the parties should meet and confer as discovery
8  evolves, should any such issue arise.

9  **Privilege and confidentiality issues:** The parties have yet to discuss a stipulated e-
10 discovery or protective order but will do so when appropriate.

11 **IX.   CLASS ACTIONS**
12 As Plaintiff has not filed a class action, this requirement is not applicable.

13 **X.    RELATED CASES**
14 The Parties are not aware of any related cases.

15 **XI.   RELIEF**
16 **Plaintiff's Position:** I gave Alphabet inc. several opportunities to come to terms the first I
17 made to the attorneys early on of joining forces and that was summarily dismissed. Secondly I
18 offered to end the dispute for a $40 million dollar payment to myself or business. Now I believe
19 the alternative solution is for Alphabet Inc. to Initiate a stock split whereby InternetTop40.com
20 becomes a major stock holder with up to $40 Billion in 1st or 2nd split stocks or possibly it may be
21 advisable to initiate an IPO for InternetTop40.com aka IT40 and to possibly incorporate or become
22 a 501(c) with Alphabet inc. as a primary participant/competitor. I am open to any other suggestions
23 that would benefit myself and in turn all of humanity.

24 **Google's Position:** Google reserves all rights, claims, and defenses available to it under
25 the law, including to seek relief if appropriate, once Plaintiff's amended complaint has been filed.
26 Google denies that Plaintiff is entitled to any relief whatsoever in connection with his original
27 complaint. To the extent Plaintiff is bringing a claim relating to non-payment, Google states that
28 Plaintiff's claim for punitive damages is barred and that his request for additional compensatory

damages is limited by the TOS. Google believes that it is premature to opine on methods of calculating potential damages before Plaintiff has filed his amended complaint.

### XII. SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on November 19, 2020, the parties met and conferred regarding the available dispute resolution options. Google filed its ADR Certification that same day. *See* ECF No. 47. Plaintiff is working to file his ADR Certification.

The Parties have previously discussed potential settlement resolutions, and those discussions have been unsuccessful. The Parties accordingly do not believe it would be fruitful to mediate at this time.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff declined to proceed before a magistrate judge on July 30, 2020. *See* ECF No. 39.

### XIV. OTHER REFERENCES

The Parties agree that this case is not suitable for reference to binding arbitration or a special master.

### XV. NARROWING OF ISSUES

**Plaintiff's Position:** The issue is Alpahbet inc aka Google is a monopoly and has too much control over the internet, media and economy at large among other things. Google has become corrupted and stagnant. Put simply Google needs a ying to their yang. More specifically Google needs some controls or another entity or business that can compete on more equal footing and help grow the internet, the economy of the united states and the world, and at the same time give Google some of the constraints and competition it so desperately needs.

**Google's Position:** At this early stage of the litigation, and given that Plaintiff has not filed his amended complaint, Google is not in a position to identify specific issues that can be narrowed by agreement. Google's anticipated Rule 12(c) or Rule 12(b)(6) motion may eliminate, or at least significantly narrow, the issues in this litigation.

### XVI. EXPEDITED TRIAL PROCEDURE

The Parties agree that this case is not appropriate for an expedited trial procedure.

## XVII. SCHEDULING

The Parties have had preliminary discussions regarding scheduling and will continue to meet and confer on this issue. The Parties' respective positions on scheduling are set forth below.

**Plaintiff's Position:** I am flexible and open to any type schedule remote or otherwise.

**Google's Position:** As discussed above in Section 7 (Discovery), because Plaintiff has not yet filed an amended complaint, and because Rule 12 motion(s) may eliminate or substantially narrow the claims in this case, Google's position is that discovery should be stayed pending resolution of any Rule 12 motions filed by Google (whether to the existing complaint, the forthcoming amended complaint, or any subsequent amended complaints).

Likewise, Google's position is that it is premature to set specific dates for deadlines for discovery cutoff, designation of experts, hearing of dispositive motions, pretrial conference, and trial until the Rule 12 motion(s) are resolved and the scope of the operative complaint, if any, is clear. Google respectfully requests that once the Court has finally resolved Google's Rule 12 motion(s), and assuming that they do not fully dispose of the case, the parties promptly meet and confer to propose a schedule for the remainder of the case.

Google proposes the following schedule for briefing Google's response to Plaintiff's amended complaint as follows:

| Event | Date |
|---|---|
| Last day for Plaintiff to file amended complaint | January 6, 2021 |
| Last day for Google to answer, move, or otherwise respond to the amended complaint | February 3, 2021 |
| Last day to for Plaintiff to file opposition to any Rule 12 motion(s) filed by Google in response to the amended Complaint | March 4, 2021 |
| Last day for Google to file a reply brief in support of any Rule 12 motion | March 23, 2021 |

## XVIII. TRIAL

The parties expect any trial to last approximately two days.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Google filed its disclosure of non-party interested entities or persons pursuant to Federal Rule of Civil Procedure 7.1 on December 4, 2019, *see* ECF No. 13, and its certification of interested parties pursuant to Local Rule 3-15 on December 1, 2020, *see* ECF No. 50.

**XX. PROFESSIONAL CONDUCT**

Counsel for Google has reviewed the Guidelines for Professional Conduct for the Northern District of California. Plaintiff is working to review this document.

**XXI. OTHER**

The Parties have no other issues to raise at this time.

Dated: December 3, 2020                              COOLEY LLP

By: /s/ *Kelsey R. Spector*
Kelsey R. Spector

Attorneys for Defendant
ALPHABET, INC.

By: /s/ *David Russell Ellenberger*
David Russell Ellenberger

Pro Se Plaintiff

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Kelsey R. Spector, attest that concurrence in the filing of this document has been obtained from the other signatory. Executed on December 3, 2020, in San Francisco, California.

/s/ *Kelsey R. Spector*
Kelsey R. Spector

238547594