JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
KELSEY SPECTOR (321488)
(kspector@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
ALPHABET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID RUSSELL ELLENBERGER, | Case No. 4:20-cv-04877-SBA |
|---|---|
| Plaintiff, | **DEFENDANT ALPHABET, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. RULES OF CIV. PROC. RULE 9(B), 12(B)(1), AND 12(B)(6)** |
| v. | |
| ALPHABET, INC., | |
| Defendant. | Date: March 10, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Saundra B. Armstrong |

# TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AdTrader, Inc. v. Google LLC*,
   No. 17-cv-07082, 2018 WL 3428525 (N.D. Cal. July 13, 2018) .......................................... 6, 7

*Agape Family Worship Ctr., Inc. v. Gridiron*,
   No. 5:15-cv-1465, 2016 WL 633864 (C.D. Cal. Feb. 16, 2016) ................................................ 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................. 4

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ................................................................................................................... 9

*Cobb v. Consunji*,
   C-11-02496, 2011 WL 4506811 (N.D. Cal. Sept. 27, 2011) .................................................... 6

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ................................................................................................ 8, 9

*Guarantee Real Estate v. Hanover Ins. Co.*,
   No. 1:14-cv-00860, 2014 WL 5817536 (E.D. Cal. Nov. 7, 2014) ............................................ 8

*Idowu v. Astheimer*,
   No. C 10-02672, 2011 WL 89965 (N.D. Cal. Jan. 11, 2011) ............................................... 5, 6

*Joslin v. Clif Bar & Co.*,
   No. 4:18-cv-04941, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ......................................... 9

*Kelley v. Rambus*,
   384 F. App'x 570 (9th Cir. 2010) ............................................................................................. 5

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ................................................................................................................. 4

*Monsanto Co. v. Geertson Seed Farms*,
   561 U.S. 139 (2010) ................................................................................................................. 9

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2009) .................................................................................................... 4

*Opperwall v. State Farm Fire & Casualty Co.*,
   17-cv-07083, 2018 WL 1243085 (N.D. Cal. Mar. 9, 2018) .................................................. 7, 8

*Reddy v. Nuance Commc'ns, Inc.*,
   No. 5:11-cv-05632, 2012 WL 692414 (N.D. Cal. Mar. 2, 2012) ............................................. 5

*Rupert v. Bond*,
   68 F. Supp. 3d 1142 (N.D. Cal. Sept. 22, 2014) ...................................................................... 5

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF ALPHABET, INC.'S MOTION TO DISMISS
CASE NO. 4:20-CV-04877-SBA

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ............................................................................................... 4

*Sciacca v. Apple, Inc.*,
   362 F. Supp. 3d 787 (N.D. Cal. 2019) ................................................................................... 9

*Solano v. Affinia Default Servs., LLC*,
   768 F. App'x 725 (9th Cir. 2019) .......................................................................................... 5

*State Farm Mut. Auto Ins. Co. v. Campbell*,
   538 U.S. 408 (2003) ............................................................................................................... 8

*Tripodi v. Harveys Tahoe Mgm't Co.*,
   240 F. App'x 219 (9th Cir. 2007) .......................................................................................... 7

*Valero v. Bac Home Loans Servicing, LP*,
   667 F. App'x 255 (9th Cir. 2016) .......................................................................................... 6

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*,
   454 U.S. 464 (1982) ............................................................................................................... 8

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ....................................................................................... 4, 6, 7

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ............................................................................................... 4

*Wisdom v. First Midwest Bank*,
   167 F.3d 402 (8th Cir. 1999) ................................................................................................. 6

**Statutes**

18 U.S.C. § 1343 ........................................................................................................................... 6

Cal. Civ. Code § 3294 .................................................................................................................. 8

**Other Authorities**

Fed. R. Civ. P.
   9(b) ............................................................................................................................... *passim*
   12(b)(1) .............................................................................................................................. 4, 8
   12(b)(6) .............................................................................................................................. 4, 7

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on March 10, 2021, at 2:00 p.m. or as soon thereafter as this motion may be heard before the Honorable Saundra Brown Armstrong in Courtroom TBD of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, Defendant Alphabet, Inc. ("Google") will and hereby does move the Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' First Amended Complaint ("FAC") (ECF No. 56). Google so moves the Court on the basis that Plaintiff has failed to state a claim upon which relief may be granted and otherwise lacks Article III standing to pursue injunctive relief.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this matter, and other matters as may be presented to the Court.

This motion is made following a telephonic meet-and-confer among the parties on January 26, 2021, as required by Rule 4 of this Court's Civil Standing Order.

## STATEMENT OF RELIEF SOUGHT

Google seeks an order pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) dismissing Plaintiff's FAC for failure to state a claim upon which relief may be granted and dismissing Plaintiff's request for injunctive relief due to lack of standing.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the FAC states a wire fraud claim, or any other fraud claim, upon which relief may be granted.

2. Whether Plaintiff's allegations are sufficient to sustain a request for punitive damages.

3. Whether Plaintiff has Article III standing to pursue injunctive relief.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

*Pro se* Plaintiff David Ellenberger brings this suit against Google seeking over ***forty billion dollars*** and requesting that the Court "break up" Google based solely on his use of AdSense, a free advertising program offered by Google. Not only is Plaintiff's requested relief extraordinary—his legal claims are unmoored to any factual or legal support. Indeed, despite having an opportunity to clarify his claims, Plaintiff's FAC still fails to allege an intelligible cause of action or facts sufficient to state any claim for relief.

To begin, Plaintiff has failed to plead a viable cause of action. Specifically, Plaintiff purports to bring a claim for wire fraud, but he does not have a private right of action to do so. Additionally, any other civil fraud-based claim would fail as a matter of law, because Plaintiff's allegations do not come close to satisfying Rule 9(b)'s particularity requirements. Indeed, the only allegation in Plaintiff's FAC that could have a colorable connection to a fraud claim consists of a single vague reference to "analytics numbers [that] don't add up." Given this dearth of allegations, Google is unable to meaningfully defend itself against any claim sounding in fraud, and any such claim accordingly must be dismissed.

Moreover, Plaintiff is not entitled to the relief he seeks. First, Plaintiff's request for forty billion dollars in punitive damages is unsupported by a cognizable legal theory and would violate due process if awarded. That request should accordingly be dismissed. Second, Plaintiff also seeks an injunction to "break[] up" Google. Not only is that request preposterous and unjustifiable, it is untethered to ***any*** factual allegations in the FAC, let alone supported by credible allegations of immediate, irreparable harm to Plaintiff himself. Thus, Plaintiff has failed to establish standing to pursue injunctive relief.

For these reasons, Google respectfully requests that the Court dismiss Plaintiff's FAC in its entirety.

## II. BACKGROUND

### A. The Parties

Google owns and operates AdSense, a free service that allows users to display ads on their websites. *See* FAC Facts ¶ 4. Plaintiff is an AdSense user who runs the website InternetTop40.com. *Id.* Facts ¶ 1. He uses AdSense to display ads on that site. *See id.* Facts ¶ 4.

### B. Procedural History

Plaintiff filed a form Complaint against Google on July 18, 2019 in the United States District Court for the Western District of Kentucky. *See* ECF No. 1. On January 24, 2020, Google moved to dismiss or transfer this case to the United States District Court for the Northern District of California based on the forum selection clause in AdSense's Terms of Service and, in the alternative, to strike Plaintiff's request for punitive damages. *See* ECF No. 22. On July 17, 2020, the Western District of Kentucky granted that motion in part and transferred this case to this Court. *See* ECF No. 35.

Plaintiff's original Complaint appeared to challenge payments for his AdSense account. *See* ECF No. 1 ¶ III (alleging that he was "presented with documentation that [his account] had not reached the minimal amount necessary to receive payment"). During the parties' Rule 26(f) conference, Google informed Plaintiff that it accordingly understood Plaintiff to be asserting a payment-related, contract claim and that it planned to move for judgment on the pleadings under Rule 12(c). *See* ECF No. 51 pp. 3-4. In response, Plaintiff asserted that his claim sounds in fraud and sought leave to file an amended complaint. *See* ECF No. 48. Google did not oppose that request, *see* ECF No. 52, and Plaintiff filed his FAC on December 23, 2020, *see* ECF No. 56.

### C. Plaintiff's Current Claims

Plaintiff's FAC is only two pages long and consists of eight factual allegations, several of which are recitations of the procedural history in this case. The remainder of the FAC sets out Plaintiff's claims and prayer for relief. It is accordingly not possible for Google to discern the nature of Plaintiff's grievance. Indeed, the only allegations that even appear related to Plaintiff's purported legal claims are the allegations that he believes Google is committing wire fraud "through the use of computers, Bots, heuristics and algorithms" because "Google Analytics and real analytics

numbers don't add up[.]" FAC Facts ¶ 6, Claims ¶ 2.  Plaintiff alleges no information whatsoever about the referenced "analytics numbers," such as what they were, where they came from, or why he claims they were false.  Nevertheless, Plaintiff maintains that Google is "[c]omitting [w]ire [f]raud with [d]eliberate [i]ndifference," and he makes extraordinary requests for relief:  (1) $160,000 in "[r]eal [d]amages," (2) $40 billion in punitive damages, and (3) an injunction "break[ing] up" Alphabet, Inc. to form an "equal" "competitor."  *See* FAC Claims ¶ 1, Relief ¶¶ 1-3.

### III.  LEGAL STANDARD

***Rule 12(b)(6):***  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the plaintiff's allegations are taken to be true, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory," the plaintiff has failed to state a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2009).

***Rule 9(b):***  Rule 9(b) further "demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Where a claim fails to meet that standard, it must be dismissed. *Id.* at 1108 ("[F]ailure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6)." (internal quotations, citation, and alterations omitted)).

***Rule 12(b)(1):***  Rule 12(b)(1) also requires dismissal where a plaintiff has failed to establish standing and thus subject matter jurisdiction under Article III of the U.S. Constitution. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  It is the plaintiff's burden, even at the pleadings stage, to demonstrate standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Accordingly, where "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," a plaintiff has failed to establish standing. *Safe Air for Everyone v. Meyer*, 373 F.3d

1035, 1039 (9th Cir. 2004).

***Pro se litigants:***  While courts "liberally construe the pleadings of pro se plaintiffs . . . [p]ro se plaintiffs must follow the same rules of procedure that govern other litigants." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. Sept. 22, 2014) (internal quotations and citation omitted); *see also Idowu v. Astheimer*, No. C 10-02672, 2011 WL 89965, at *4 (N.D. Cal. Jan. 11, 2011) (Armstrong, J.) (collecting cases regarding the same).  Accordingly, *pro se* plaintiffs are subject to Rule 12's pleading requirements, *Rupert*, 68 F. Supp. 3d at 1153, and Rule 9(b) "applies equally to" them as well, *Reddy v. Nuance Commc'ns, Inc.*, No. 5:11-cv-05632, 2012 WL 692414, at *3 (N.D. Cal. Mar. 2, 2012) (citing *Kelley v. Rambus*, 384 F. App'x 570, 573 (9th Cir. 2010)); *see also, e.g.*, *Solano v. Affinia Default Servs., LLC*, 768 F. App'x 725, 726 (9th Cir. 2019) (affirming dismissal of *pro se* complaint for failure to satisfy Rule 9(b)'s heightened pleadings standard).

## IV.   ARGUMENT

Plaintiff's FAC consists of a scant few conclusory and non-specific allegations that are untethered to the claim he purports to bring.  While it is accordingly difficult to ascertain the nature of Plaintiff's grievance, what is clear is that Plaintiff has failed to state any claim for relief.[1]  Indeed, while Plaintiff purports to sue for wire fraud, he does not have a private right of action to do so.  And any other civil fraud claim that he may purport to bring is not supported by particularized factual allegations and thus fails to satisfy Rule 9(b).  Even setting these basic pleading deficiencies aside, Plaintiff's request for punitive damages and injunctive relief also fail as a matter of law, as Plaintiff has alleged no facts or cognizable legal theory entitling him to forty billion dollars or an injunction to "break up" Google.  For all these reasons, Plaintiff's FAC must be dismissed.

---

[1] As the FAC does not appear to plead a contract-based claim and Plaintiff has resisted the idea that he is bringing a contract claim relating to payment on his AdSense account, *see* ECF No. 48, Google does not address any such claim here.  Google maintains, however, that any such claim would also fail for a number of reasons, including, for example, because Plaintiff waived any such claim and because Google is entitled under the Terms of Service signed by Plaintiff to issue payments according to its own accounting.  *See* ECF No. 22-4 §§ 5, 6.  Should Plaintiff seek to recast his claim in terms of nonpayment, or in any other way not pled in his FAC, Google reserves the right to respond.

### A.  Plaintiff has failed to state a wire fraud claim, or any other fraud claim.

#### 1.  Plaintiff's wire fraud claim is not viable.

Plaintiff's FAC fails at the starting gate because he has come nowhere close to pleading a viable cause of action. While Plaintiff purports to assert a claim for wire fraud, *see* FAC Claims ¶¶ 1-3, that claim fails because "courts have consistently found that the mail and wire fraud statutes do not confer a private right of action." *Idowu*, 2011 WL 89965, at *2 (citing, in part, 18 U.S.C. § 1343); *see, e.g.*, *Valero v. Bac Home Loans Servicing, LP*, 667 F. App'x 255, 255 (9th Cir. 2016) (same); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (same). Accordingly, Plaintiff cannot avail himself of relief under the wire fraud statute, and that claim should be accordingly dismissed with prejudice. *See Cobb v. Consunji*, C-11-02496, 2011 WL 4506811, at *4 (N.D. Cal. Sept. 27, 2011) ("As Plaintiff cannot state a claim directly under the mail or wire fraud statutes, his first and second claims for relief must be dismissed with prejudice.").

#### 2.  Any other fraud claim would fail because it does not satisfy Rule 9(b).

Even if Plaintiff's allegations could be construed to allege a claim for civil fraud, his FAC would still fall far short of satisfying the applicable pleading requirements set forth in Rule 9(b). That Rule requires plaintiffs to support claims of fraud with "the who, what, when, where, and how of the misconduct charged," as well as an explanation of "what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (internal quotations and citation omitted). Plaintiff offers no particularized allegations to meet those requirements. Indeed, the ***only*** allegation Plaintiff advances that is even plausibly related to fraud is that in May 2019, Plaintiff "realized Google analytics and real analytics numbers d[idn't] add up[.]" FAC Facts ¶ 6 (capitalization omitted). Plaintiff does not allege what those numbers were, where they came from, or how he purports to know they were false. Such a bare allegation is therefore patently insufficient to satisfy Rule 9(b)'s particularly requirement. *See Vess*, 317 F.3d at 1106.

*AdTrader, Inc. v. Google LLC*, No. 17-cv-07082, 2018 WL 3428525 (N.D. Cal. July 13, 2018), is instructive. In that case, plaintiffs were users of Ad Exchange and AdWords, other advertisings services offered by Google, who sued for fraud and alleged that Google had made "various representations about offline analysis of invalid clicks." *Id.* at *8 (internal quotations

omitted). The court held that these allegations failed to state a claim for fraud or satisfy Rule 9(b) because the plaintiffs' complaint "d[id] not adequately plead when a certain representation was made . . . and how Plaintiffs relied on a specific representation in relation to [their] agreements." *Id.*

These same insufficiencies doom any fraud-based claim here, which is even more deficiently pled than the fraud claim at issue in *AdTrader* (which appeared in a seventy-page complaint). *See* No. 17-cv-07082, ECF No. 29 (N.D. Cal. Mar. 20, 2018). Indeed, Plaintiff's FAC is so devoid of factual allegations that it fails the basic requirement that a fraud claim "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d 1097 (internal quotations, citations, and alterations omitted). For example, Plaintiff's FAC leaves Google to speculate about the answers to at least the following questions: (1) How, where, and when were the allegedly fraudulent numbers presented? (2) What did that set of numbers show? And (3) what is the basis for Plaintiff's assertion that those numbers were false?

Because Plaintiff's FAC fails to provide answers to any of those basic questions, and because answers to those questions are necessary for Google to defend itself in this case, any fraud-based claim Plaintiff purports to bring must be dismissed for the additional reason that it fails to satisfy Rule 9(b). *See AdTrader, Inc.*, 2018 WL 3428525, at *8; *see also Tripodi v. Harveys Tahoe Mgm't Co.*, 240 F. App'x 219, 219-20 (9th Cir. 2007) (affirming dismissal of fraudulent misrepresentation claim because *pro se* plaintiff "failed to allege with sufficient particularity how certain statements posted on defendant's website were false at the time they were made").

### B. Plaintiff is not entitled to the extraordinary relief he seeks.

#### 1. Plaintiff's request for $40 billion in punitive damages is insufficiently pled and would violate due process if awarded.

Plaintiff's request for punitive damages also should be dismissed under Rule 12(b)(6). As an initial matter, while California law permits plaintiffs to recover punitive damages for fraud, "[w]hen a plaintiff alleges a claim for punitive damages, a court may dismiss the claim if the plaintiff fails to allege sufficient facts to show 'oppression, fraud, or malice.'" *Opperwall v. State*

*Farm Fire & Casualty Co.*, 17-cv-07083, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018) (quoting Cal. Civ. Code § 3294(a)). Courts routinely dismiss requests for punitive damages where a complaint includes only legal conclusions regarding a purported fraud. *See, e.g.*, *id.*; *Guarantee Real Estate v. Hanover Ins. Co.*, No. 1:14-cv-00860, 2014 WL 5817536, at *5 (E.D. Cal. Nov. 7, 2014). As explained above, Plaintiff has offered no particularized allegations regarding any purported fraud (or any oppression or malice for that matter), and his request for punitive damages should be dismissed for this reason alone.

Even setting aside these threshold pleading deficiencies, Plaintiff's request for $40 billion in punitive damages also runs headlong into the due process clause of the U.S. Constitution. The Supreme Court has made clear that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Here, Plaintiff seeks $160,000 in compensatory damages (which are no way substantiated or explained at all in the Complaint) and $40 billion in punitive damages. In other words, even assuming Plaintiff is entitled to all of the compensatory damages he seeks, Plaintiff's request for punitive damages would be **250,000** times as large as his request for compensatory damages. Because there is no world in which due process would condone such an absurd ratio between punitive and compensatory damages, Plaintiff's request for $40 billion in punitive damages should be dismissed for the additional reason that it violates due process as a matter of law. *See, e.g.*, *Opperwall*, 2018 WL 1243085, at *5 (dismissing request for punitive damages that failed as a matter of law); *Agape Family Worship Ctr., Inc. v. Gridiron*, No. 5:15-cv-1465, 2016 WL 633864, at *6 (C.D. Cal. Feb. 16, 2016) (same).

### 2.   Plaintiff lacks standing to pursue injunctive relief.

Plaintiff's claim for injunctive relief must also be dismissed under Rule 12(b)(1) because he lacks standing to pursue such relief. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) ("[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury[.]" (internal quotations and citation omitted)). "[A] plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v.*

*Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). Relevantly here, to have standing to pursue injunctive relief, a plaintiff must demonstrate a "real or immediate threat that [they] will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotations and citation omitted).

Plaintiff does not meet those standards because he has failed to allege *any* injury—much less one that is irreparable or immediate. Indeed, aside from Plaintiff's blanket request for $160,000 in "[r]eal [d]amages," Plaintiff's FAC is silent on whether Plaintiff has suffered any injury *at all*. Plaintiff cannot show, and has not even attempted to show, how breaking up the Alphabet Corporation would redress some current injury to him or protect him from some future injury. Plaintiff's claim for injunctive relief should accordingly be dismissed due to lack of standing. *See, e.g.*, *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 803 (N.D. Cal. 2019) (dismissing prayer for injunctive relief for lack of standing due to failure to identify threat of future harm); *Joslin v. Clif Bar & Co.*, No. 4:18-cv-04941, 2019 WL 5690632, at *5 (N.D. Cal. Aug. 26, 2019) (similar).[2]

## V.   CONCLUSION

For these reasons, Google respectfully requests that the Court dismiss Plaintiff's FAC in its entirety.

Dated: January 27, 2021                                COOLEY LLP

By: /s/ *Kelsey R. Spector*
Kelsey R. Spector

Attorneys for Defendant
ALPHABET, INC.

242057308

---

[2] It is further unclear how Plaintiff could *ever* be entitled to the unprecedented injunctive relief he seeks. Aside from failing to identify an irreparable injury, Plaintiff fails to allege how the balance of equities or public interest would favor doing so. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 141 (2010) (to obtain permanent injunctive relief, plaintiff must show (1) irreparable injury, (2) that remedies available at law are inadequate, (3) the balance of hardships favors an injunction, and (4) that an injunction is in the public interest).