JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
KELSEY R. SPECTOR (321488)
(kspector@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
ALPHABET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID RUSSELL ELLENBERGER, | Case No. 4:20-cv-04877-SBA |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. RULES OF CIV. PROC. RULE 9(B), 12(B)(1), AND 12(B)(6)** |
| v. | |
| ALPHABET, INC., | |
| Defendant. | Date: March 10, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Saundra B. Armstrong |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S REPLY
ISO MOTION TO DISMISS
CASE NO. 4:20-CV-04877-SBA

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 1

    A. Plaintiff has failed to state any claim for fraud. ................................................... 1

        1. Plaintiff does not have a private right of action for wire fraud. ................ 1

        2. Plaintiff has not pled any fraud with particularity. .................................... 1

    B. Plaintiff is not entitled to the relief he seeks. ........................................................ 3

        1. Plaintiff cannot recover $40 billion in punitive damages. ......................... 3

        2. Plaintiff lacks standing to pursue injunctive relief. ................................... 3

III. CONCLUSION ................................................................................................................. 4

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-i-

DEFENDANT'S REPLY
ISO MOTION TO DISMISS
CASE NO. 4:20-CV-04877-SBA

# TABLE OF AUTHORITY

**Page(s)**

**Cases**

*AdTrader, Inc. v. Google LLC*,
  No. 17-cv-07082, 2018 WL 3428525-BLF (N.D. Cal. July 13, 2018) ................................... 2

*Arevalo v. Bank of Am. Corp.*,
  850 F. Supp. 2d 1008 (N.D. Cal. 2011) ............................................................................... 2

*Arik v. Astrue*,
  No. C 08-5564 SBA, 2010 WL 2557493 (N.D. Cal. 2010) ............................................ 1, 3, 4

*Cobb v. Cobb v. Consunji*,
  C-11-02496 DMR, 2011 WL 4506811 (N.D. Cal. Sept. 27, 2011) ......................................... 1

*Idowu v. Ashteimer*,
  No. C 10-02672-SBA, 2011 WL 89965 (N.D. Cal. Jan. 11, 2011) ......................................... 1

*Opperwall v. State Farm Fire & Casualty Co.*,
  17-cv-07083-YGR, 2018 WL 1243085 (N.D. Cal. Mar. 9, 2018) ........................................... 3

*Sciacca v. Apple, Inc.*,
  362 F. Supp. 3d 787 (N.D. Cal. 2019) ................................................................................. 4

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ............................................................................... 2

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ........................................................................................... 1, 3

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ...................................................................................... 1, 2, 3

Cooley LLP
Attorneys at Law
San Francisco

-ii-

Defendant's Reply
iso Motion to Dismiss
Case No. 4:20-cv-04877-SBA

## I. INTRODUCTION

Plaintiff's Response to Defendant's Motion for Pre-Trial Dismissal ("Opposition" or "Opp.") fails to acknowledge—much less respond to—the arguments raised in Alphabet, Inc.'s ("Google") Motion to Dismiss ("Motion" or "Mot."). Instead, Plaintiff's Opposition consists of vague assertions that are not contained in Plaintiff's First Amended Complaint ("FAC") and that are largely disconnected from his claims in this case. In short, Plaintiff's Opposition only underscores that he has failed to state a claim upon which relief may be granted. The Court should accordingly grant Google's Motion and dismiss Plaintiff's FAC in its entirety.

## II. ARGUMENT

### A. Plaintiff has failed to state any claim for fraud.

#### 1. Plaintiff does not have a private right of action for wire fraud.

As Google noted in its Motion, there is no private of action under the criminal wire fraud statute. *See* Mot. at 6; *see also, e.g.*, *Idowu v. Ashteimer*, No. C 10-02672-SBA, 2011 WL 89965, at *2 (N.D. Cal. Jan. 11, 2011) ("[C]ourts have consistently found that the . . . wire fraud statute[] do[es] not confer a private right of action."). Plaintiff's Opposition does not respond to that well-established precedent, which controls Plaintiff's wire fraud claim. *See Arik v. Astrue*, No. C 08-5564 SBA, 2010 WL 2557493, at *3 (N.D. Cal. 2010) (Armstrong, J.) (party "waive[s an] argument by failing to raise it in his opposition"). Accordingly, because Plaintiff cannot avail himself of relief under the wire fraud statute, Plaintiff's wire fraud claim should be dismissed with prejudice. *See Cobb v. Cobb v. Consunji*, C-11-02496 DMR, 2011 WL 4506811, at *4 (N.D. Cal. Sept. 27, 2011) ("As Plaintiff cannot state a claim directly under the mail or wire fraud statutes, his first and second claims for relief must be dismissed with prejudice.").

#### 2. Plaintiff has not pled any fraud with particularity.

Even if Plaintiff's wire fraud claim could be construed as a claim for civil fraud, that claim would still fail to satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 9(b). That Rule requires plaintiffs to allege fraud with particularity and to specify "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S REPLY
ISO MOTION TO DISMISS
CASE NO. 4:20-CV-04877-SBA

1106 (9th Cir. 2003) (citation and internal quotations omitted).  Plaintiff's Opposition does not respond to Google's argument that his FAC fails to meet that standard.  *See* Mot. at 6-7.

Instead, it appears that Plaintiff attempts to supplement the FAC's allegations with inscrutable factual assertions that appear for this first time in his Opposition.  *Compare, e.g.*, FAC Facts ¶ 6 (alleging that "analytics numbers don't add up"), *with* Opp. at ¶ 1 (referencing page views and asserting that "Alphabet Inc.'s assessment is always the lowest").  But Plaintiff cannot amend his FAC through his Opposition.  *See, e.g.*, *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss."); *Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1020 (N.D. Cal. 2011) (same).

In any event, even taking those new assertions into account, the Opposition still fails to elucidate the nature of Plaintiff's fraud claim, much less show how that claim satisfies Rule 9(b). Indeed, Plaintiff's Opposition consists largely of contentions that are in no way connected to any claim for fraud.  *See, e.g.*, Opp. at ¶ 5 ("I make a claim as a human citizen from the united states and planet earth these are unprecedented times as we have never had to deal with legally or socially an entity of this immense power.").  Moreover, the only assertions that could possibly relate to a fraud claim fail to describe any fraud with particularity.  For example, Plaintiff asserts that "none of the page view numbers from a number of sources agree with one another" and "[Google's] assessment is always the lowest." Opp. at ¶ 1.  He also asserts that if Google used an algorithm to "estimate the page view numbers," that itself would constitute fraud.  Opp. at ¶ 2.

These assertions fail to show that Plaintiff has satisfied Rule 9(b) and has stated a claim for fraud.  As Google explained in its Motion, vague references to Google's accounting of valid activity relating to Plaintiff's AdSense account are insufficient to plead fraud.[1]  *See* Mot. at 6-7; *see also AdTrader, Inc. v. Google LLC*, No. 17-cv-07082, 2018 WL 3428525-BLF, at *8 (N.D. Cal. July

---

[1] Plaintiff contradicts himself when he attempts to avoid the binding provisions in AdSense's Terms of Service that give Google authority to exclude invalid activity from payment calculations, *e.g.*, activity from bots, and to issue payments according to its own accounting, *see* ECF No. 22-4 § 5. *Compare* Opp. at ¶ 4 ("Who made Alphabet Inc. the authority except in their agreement forms which I disavow and claim no knowledge of or the veracity of any claims in it."), *with* ECF No. 1 (Complaint) at ¶ III (alleging he "entered into contractual agreement(s)" with Google and that Google "was responsible for keeping track of the number of hits").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S REPLY
ISO MOTION TO DISMISS
CASE NO. 4:20-CV-04877-SBA

13, 2018) (holding that "various 'representations' about offline analysis of invalid clicks" for a similar Google program were insufficient where the "particularity of the circumstances concerning the alleged fraud [could not] be discerned"). And Plaintiff's Opposition still fails to explain how the FAC contains answers to basic questions about: how, where, and when Google's accounting was presented; what specifically that accounting showed; why that accounting is false; and where the other analytics that Plaintiff references came from and what those analytics show.

Without answers to those basic questions, Plaintiff's FAC and Opposition leave Google to speculate about what it has allegedly done wrong. Any civil fraud claim brought by Plaintiff should accordingly be dismissed for failure to satisfy Rule 9(b). *See Vess*, 317 F.3d at 1097 (allegations of fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong") (citation and internal quotations omitted).

### B. Plaintiff is not entitled to the relief he seeks.

#### 1. Plaintiff cannot recover $40 billion in punitive damages.

As Google argued in its Motion, Plaintiff is not entitled to punitive damages in the amount of $40 billion. Specifically, Plaintiff has not pled facts sufficient to entitle him to punitive damages, and Plaintiff's request for $40 billion in punitive damages, if granted, would violate due process. *See* Mot. at 7-8. Plaintiff does not acknowledge those arguments or offer any response to them. *See generally* Opp.; *see also Arik*, 2010 WL 2557493, at *3 (argument not raised in opposition is waived). Accordingly, for the reasons given in Google's Motion, Plaintiff's request for punitive damages should be dismissed. *See Opperwall v. State Farm Fire & Casualty Co.*, 17-cv-07083-YGR, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018) (dismissing request for punitive damages that failed as a matter of law).

#### 2. Plaintiff lacks standing to pursue injunctive relief.

Further, as Google also argued in its Motion, Plaintiff is not entitled to an injunction breaking up Alphabet, Inc. Specifically, Plaintiff lacks standing to pursue injunctive relief, because he has not alleged any injury, much less one that is immediate or irreparable. *See* Mot. at 8-9. Plaintiff does not acknowledge Google's arguments about injunctive relief, nor does he otherwise

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S REPLY
ISO MOTION TO DISMISS
CASE NO. 4:20-CV-04877-SBA

provide reason to believe that he is in fact at risk of suffering an immediate, irreparable injury. *Cf.* Opp. at ¶ 6 (making vague reference to "mak[ing] this society our earth a better place" but failing to identify any future threatened injury); *see also Arik*, 2010 WL 2557493, at *3 (argument not raised in opposition is waived). Accordingly, for the reasons given in Google's Motion, the Court should dismiss Plaintiff's request for injunctive relief due to lack of standing. *See, e.g., Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 803 (N.D. Cal. 2019) (dismissing prayer for injunctive relief for lack of standing due to failure to identify threat of future harm).

### III. CONCLUSION

For these reasons, Google respectfully requests that the Court dismiss Plaintiff's FAC in its entirety.

Dated: March 3, 2021                                COOLEY LLP

                                                    By: */s/ Kelsey R. Spector*
                                                         Kelsey R. Spector

                                                    Attorneys for Defendant
                                                    ALPHABET, INC.

244718792

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S REPLY
ISO MOTION TO DISMISS
CASE NO. 4:20-CV-04877-SBA