UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID RUSSELL ELLENBERGER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALPHABET INC.,<br><br>　　　　Defendant. | Case No: 4:20-cv-04877 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Dkt. 59 |

Plaintiff David Russel Ellenberger ("Plaintiff"), proceeding pro se, brings the instant action against Defendant Alphabet Inc. ("Defendant"), parent company of Google and AdSense. Presently before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint. Dkt. 59. Having read and considered the papers filed in connection with this matter and being fully informed, the Court GRANTS the motion, for the reasons set forth below. The Court, in its discretion, finds the matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

　　A.  **FACTUAL ALLEGATIONS**

The factual allegations are quite sparse. Plaintiff alleges that he "[s]tarted InternetTop40.com [on] 02/04/2016." Am. Compl. at 1 ¶ 1, Dkt. 56. He signed up InternetTop40.com with Google Analytics in approximately May 2017, with Cloudflare in approximately January 2018, and with Google AdSense in approximately May 2018. Id. at 1 ¶¶ 2-4. Plaintiff "[b]egan researching analytics [n]umbers [in] approx[imately] December 2018." Id. at 1 ¶ 5. He "[r]ealized Google Analytics and real analytics numbers don't add up [in] approx[imately] May 2019." Id. at 1 ¶ 6.

### B. PROCEDURAL HISTORY

Plaintiff filed a form complaint against Defendant on July 18, 2019, in the United States District Court for the Western District of Kentucky. Dkt. 1. The original complaint appeared to challenge an alleged underpayment on Plaintiff's AdSense account. Id.[1] On July 17, 2020, Judge David J. Hale granted Defendant's motion to transfer the action to this Court based on a forum selection clause in AdSense's Terms of Service. Dkt. 35.

On November 20, 2020, Plaintiff filed a motion to amend his complaint. Dkt. 48. He clarified that "this is not a 'Contract' dispute," and sought leave to file an amended complaint to allege a claim for wire fraud. Id. Defendant filed a statement of non-opposition in response to the motion, Dkt. 52, and the Court granted the same, Dkt. 55.

On December 23, 2020, Plaintiff filed the operative Amended Complaint. Dkt. 56. The two-page Amended Complaint alleges a single claim for wire fraud, asserting that "Google is committing Wire Fraud through the use of computers, Bots, heuristics and algorithms with [d]eliberate indifference and [Plaintiff] can prove it with the numbers from [his] website and other electronic documents." Id. at 2. Plaintiff seeks "Real Damages" in the amount of $160,000 and punitive damages in the amount of $40 billion. Id. He also requests that the Court "break up Google." Id.

On January 27, 2021, Defendant filed the instant Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. Rules of Civ. Proc. Rule 9(b), 12(b)(1), and 12(b)(6) ("Mot."). Dkt. 59. On February 12, 2021, Plaintiff filed a Response to Defendant's Motion for Pre-Trial Dismissal ("Resp."). Dkt. 61. The one-page Response fails to address the substance of Defendant's motion and largely embraces matters untethered to the issues at hand. See id. ¶ 5 ("The fact is that Alphabet Inc. is a worldwide entity touching almost every single individual on the planet in some way. I make a claim as a human citizen from

---

[1] The allegations of the Amended Complaint fail to apprise the Court of even the most basic facts underlying this action. However, Defendant clarifies that Google owns and operates AdSense, a free service that allows users to display ads on their websites. Dkt. 59 at 7. Plaintiff uses AdSense to display ads on InternetTop40.com. Id.

the united states and planet earth these are unprecedented times as we have never had to deal with legally or socially an entity of this immense power and reach we must do so with the utmost care and caution and reason and with the input of as many individuals who are interested in or care in any way about the direction of their lives and the entire civilization of the world."). On March 3, 2021, Defendant filed a Reply in support of the motion to dismiss. Dkt. 63. The motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)). Because Plaintiff is pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

In assessing the sufficiency of a claim, the court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although pro se pleadings are to be liberally construed, "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

## III. DISCUSSION

Defendant moves to dismiss the Amended Complaint on the ground that Plaintiff fails to state a claim.  Defendant argues that Plaintiff cannot assert a private right of action for wire fraud and further argues that, even if Plaintiff were alleging some other species of fraud, he fails to plead it with the requisite particularity.  Defendant also moves to dismiss Plaintiff's request for punitive damages and injunctive relief.

### A. WIRE FRAUD

The Amended Complaint alleges a single cause of action for wire fraud.  As a threshold matter, Plaintiff has abandoned this claim by failing to even mention wire fraud in his response to the motion, let alone address Defendant's argument in favor of dismissal. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 888 (9th Cir. 2010) (a plaintiff who fails to address a claim in opposition to a motion to dismiss has effectively abandoned his claim and cannot raise it on appeal); accord United States ex rel. Anita Silingo v. WellPoint, Inc., 904 F.3d 667, 681 (9th Cir. 2018) (holding that the district court did not abuse its discretion in denying leave to amend an abandoned claim).

Moreover, courts have consistently held that the mail and wire fraud statues do not confer a private right of action.  Cobb v. Consunji, No. C-11-02496 DMR, 2011 WL 4506811, at *4 (N.D. Cal. Sept. 27, 2011), aff'd 517 Fed. Appx. 556 9th Cir. 2013; see also Valero v. Bac Home Loan Servicing, LP, 667 F. App'x 255 (9th Cir. 2016) (affirming dismissal of claim for wire fraud on the ground that there is no private right of action under 18 U.S.C. § 1343).  Because Plaintiff cannot state a civil claim for wire fraud, this cause of action is dismissed with prejudice.  See, e.g., Cobb, 2011 WL 4506811, at *4 (dismissing civil claims for mail and wire fraud with prejudice).

### B. OTHER FRAUD

Defendant further argues that, even if Plaintiff's allegations were liberally construed to allege a claim for civil fraud, the Amended Complaint falls far short of satisfying Rule 9(b).  Generally, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, fraud

claims—as well as claims that are grounded in fraud or sound in fraud—must satisfy the heightened pleading standard of Rule 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1124-25 (9th Cir. 2009). Under Rule 9(b), the plaintiff "must state with particularity the circumstances constituting fraud." "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124 (internal quotation marks and citations omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Id. (internal quotation marks and citations omitted).

Here, Plaintiff fails to state a claim for fraud under the liberal pleading standard of Rule 8(a), let alone the heightened pleading standard of Rule 9(b). Plaintiff does not allege the basic elements of a claim for fraud. See Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (1996) (the elements of fraud are misrepresentation; knowledge of falsity; intent to defraud; justifiable reliance; and resulting damages). Nor does he allege the circumstances constituting fraud with particularity. As rightly noted by Defendant, the *only* factual allegation plausibly related to fraud is the assertion that "Google Analytics and real analytics numbers don't add up." Am. Comp. at 1 ¶ 6. However, the Amended Complaint does not explain what these analytic numbers are, where the numbers derive from, or how Plaintiff purports to know they are false. The conclusory assertion that "Google is committing Wire Fraud through the use of computers, Bots, heuristics and algorithms," Am. Compl. at 2, is likewise insufficient to provide Defendant notice of the misconduct alleged. Consequently, any fraud-based claim that might be alleged is also dismissed.[2]

---

[2] It is axiomatic that no relief may be sought without a viable cause of action. Because the Amended Complaint is dismissed in its entirety, the Court does not reach Defendant's arguments regarding the dismissal of Plaintiff's requests for punitive damages and injunctive relief. In the event Plaintiff continues to seek the challenged relief upon amendment, Defendant may bring a motion to address the same.

### C. LEAVE TO AMEND

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). The court may deny leave to amend if it determines that the allegation of other facts consistent with the challenged pleading cannot possibly cure the deficiencies or if the plaintiff has had prior opportunities to amend and failed to cure the same. Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint without leave to amend is proper if the deficiencies cannot be cured by amendment); Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (the court's discretion to deny leave to amend is particularly broad where the plaintiff previously amended the complaint).

Here, Plaintiff has already amended his complaint once to clarify the nature of the action. As discussed above, the Amended Complaint continues to suffer from significant defects. Although Defendant aptly identified those defects in the motion to dismiss, Plaintiff failed to address the merits of Defendant's motion. His only response to the substance of the motion is as follows: "[F]rom all of my records on page views regarding the website [I]nternetTop40.com the proof that Alphabet Inc. is committing fraud is that none of the page view numbers from a number of sources agree with one another." Resp. ¶ 1. However, the allegation that the numbers don't "agree with one another" simply restates the allegation that the numbers don't "add up." Thus, Plaintiff neglects to identify any new facts that might support his claim. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice."). In continuing to assert only that Defendant is "committing fraud," Plaintiff also fails to identify any other viable cause of action.

Nevertheless, Plaintiff is proceeding pro se and has not yet had the benefit of the Court's analysis regarding the infirmity of his pleading. Accordingly, although Plaintiff's

claim for wire fraud is dismissed with prejudice on the ground that he has no such private right of action, the Court will grant Plaintiff leave to amend to allege a civil fraud claim with the requisite particularity.

## IV.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is GRANTED and the Amended Complaint is DISMISSED with leave to amend.

2. Plaintiff shall file a second amended complaint by no later than March 31, 2021. Plaintiff is advised that an amended complaint supersedes the preceding complaint. Ferdick v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Any claim that was dismissed with leave to amend will be deemed waived if not repled. Lacey, 693 F.3d at 928.

3. Plaintiff is further advised that he must have a good faith basis, both in law and fact, to amend his claims. See Fed. R. Civ. P. 11(b). Plaintiff should be mindful of his obligations under Rule 11 in deciding whether and how to amend his complaint. A violation of Rule 11 may result in the imposition of an appropriate sanction, including monetary sanctions. Id. 11(c).

4. Plaintiff is warned that if he fails to file a second amended complaint within the time prescribed the action will be DISMISSED in its entirety and without further notice pursuant to Federal Rule of Civil Procedure 41(b).

5. This Order terminates Docket 59.

IT IS SO ORDERED.

Dated: March 10, 2021

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge