UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID RUSSELL ELLENBERGER,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHABET INC.,<br><br>Defendant. | Case No: 4:20-cv-04877 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Dkt. 70 |

Plaintiff David Russel Ellenberger ("Plaintiff"), proceeding pro se, brings the instant action against Defendant Alphabet Inc. ("Defendant"), parent company of Google and AdSense. Presently before the Court is Defendant's motion to dismiss Plaintiff's Second Amended Complaint. Dkt. 70. Having read and considered the papers filed in connection with this matter and being fully informed, the Court GRANTS the motion, for the reasons set forth below. The Court, in its discretion, finds the matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

   A.  **FACTUAL ALLEGATIONS**

Despite two opportunities to amend the pleadings, the factual allegations remain quite sparse. Plaintiff alleges that he "[s]tarted InternetTop40.com [on] 02/04/2016." Dkt. 66 at 1 ¶ 2. He signed up InternetTop40.com with Google Analytics in approximately May 2017, with Cloudflare in approximately January 2018, and with Google AdSense in approximately May 2018. Id. ¶¶ 3-5. Plaintiff "[b]egan researching analytics [n]umbers [in] approx[imately] December 2018." Id. ¶ 6. He "[r]ealized Google Analytics and real analytics numbers don't add up [in] approx[imately] May 2019." Id. ¶ 7.

B.   **PROCEDURAL HISTORY**

Plaintiff filed a form complaint against Defendant on July 18, 2019, in the United States District Court for the Western District of Kentucky. Dkt. 1. The original complaint appeared to challenge an alleged underpayment on Plaintiff's AdSense account. Id.[1] On July 17, 2020, Judge David J. Hale granted Defendant's motion to transfer the action to this Court based on a forum selection clause in AdSense's Terms of Service ("TOS"). Dkt. 35.

On November 20, 2020, Plaintiff filed a motion to amend his complaint. Dkt. 48. He clarified that "this is not a 'Contract' dispute," and sought leave to file an amended complaint to allege a claim for wire fraud. Id. Defendant filed a statement of non-opposition in response to the motion, Dkt. 52, and the Court granted the same, Dkt. 55.

Thereafter, Plaintiff filed a two-page Amended Complaint, alleging a single claim for wire fraud. Dkt. 56. He alleged that "Google is committing Wire Fraud through the use of computers, Bots, heuristics and algorithms with [d]eliberate indifference and [Plaintiff] can prove it with the numbers from [his] website and other electronic documents." Id. at 2. He sought "Real Damages" in the amount of $160,000 and punitive damages in the amount of $40 billion. Id. He also requested that the Court "break up Google." Id.

On January 27, 2021, Defendant moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6). Dkt. 59. Plaintiff filed a one-page response that failed to address the substance of the motion. Dkt. 61. On March 10, the Court issued on order granting the motion. Dkt. 65. The Court dismissed Plaintiff's claim for wire fraud with prejudice on the ground that the wire fraud statute does not confer a private right of action. Id. at 4. The Court further found that, even if Plaintiff's allegations were construed liberally to allege a claim for civil fraud, the

---

[1] Plaintiff's allegations fail to apprise the Court of even the most basic facts underlying this action. However, Defendant explains that Google owns and operates AdSense, a free service that allows users to display ads on their websites. Dkt. 70 at 3. Advertisers pay Google to have their ads displayed through AdSense, and the website owners who participate in AdSense receive payment from Google for valid activity (i.e., clicks, impressions, or other events) on those ads pursuant to the AdSense TOS. Id. Plaintiff is an AdSense user who displays ads on his website, InternetTop40.com. Id.

Amended Complaint failed to state a claim under the liberal pleading standard of Rule 8(a), let alone the heightened pleading standard of Rule 9(b).  Id. at 4-5.  The Court noted that Plaintiff's opposition brief failed to identify either new facts to support a fraud claim or an alternative viable cause of action.  Id. at 6.  Nevertheless, the Court granted Plaintiff leave to amend to allege a civil fraud claim with the requisite particularity.  Id. at 6-7.

On March 26, 2021, Plaintiff filed a "Motion to Amend to Sue for Fraud with Deliberate Indifference, Motion to Amend Punitive Damages to Forty Billion Dollars $40,000,000,000."  Dkt. 66 ("SAC").  Although labeled a motion for leave to amend, the body of the filing does not request such leave.  Instead, it reads as an amended complaint, setting forth, among other things, a "Statement of Facts," "Statement of Claims," and "Statement for Relief."  Thus, on March 26, the Court issued an Order denying the motion to amend and construing it as a Second Amended Complaint.  Dkt. 67.[2]

The SAC does not set forth individual causes of action but generally asserts a claim for "fraud."  SAC at 2.  Plaintiff asserts that his claim "boils down to numbers of page views and their monetary value."  Id.  He alleges that Google "acts as the page view counter and payer," despite having a "vested interest in keeping the page view numbers[] they report[] very low."  Id.  According to Plaintiff, "those facts alone" serve as a "clue as to how and why [Defendant] could and would commit this fraud."  Id.  He estimates, based on his "real numbers," that Google "undercounts all page views by 90%."  Id.  He also complains that Defendant does not count page views generated by "bots" and that it imposes a "minimum payout which takes a few years to accrue."  Id. at 2-3.

The last four pages of the SAC are devoted to the "Statement for Relief."  Although it is difficult to discern the particulars, Plaintiff appears to propose that an entity named "International Virtual Academy of Music and Photography" or "IVAMP" be created and

---

[2] In its order, the Court noted that it had already granted Plaintiff leave to file an SAC, and thus, a motion for leave to amend was not required. Dkt. 67 at 1. Because the filing reads as a SAC, the Court construed it as such. Id. at 1-2. The Court provided that, if Plaintiff did not intend for the filing to serve as the operative pleading, he had until March 31, 2021 to file a superseding SAC. Id. Plaintiff did not thereafter file a superseding SAC.

"codified into social law" to "set and publish online standards, rules, laws, etc." SAC at 4; see also id at 3-7.  The creation and administration of IVAMP would be funded by Defendant, in the sum of $36 billon.  Id. at 4-5.  IVAMP would be "considered part of Alphabet Inc. with [Plaintiff] as President or 'lead administrator.'"  Id.  InternetTop40.com "would be a separate entity with [Plaintiff] as CEO and funded separately with a discretionary fund" of $4 billion from Defendant.  Id.

On April 5, 2021, Defendant filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. Rules of Civ. Proc. 9(b), 12(b)(1), and 12(b)(6).  Dkt. 70 ("Mot.").  On May 10, Plaintiff filed a one-page response.  Dkt. 71 ("Opp'n").  Plaintiff yet again fails to address the substance of Defendant's motion.  He simply urges the Court "to reject all of [Defendant's] assertions, in their entirety, regarding their dismissal claims."  Id. at 1.  Plaintiff asserts that "because of the gravity and societal implications of all matters considered, any procedural complaints should be considered moot."  Id.[3]  On May 24, 2021, Defendant filed a reply.  Dkt. 74.  The motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)).

---

[3] Plaintiff's opposition consists largely of an "Addendum to Proposal for Relief," wherein he asserts, among other things, that Defendant "will no longer be involved in, or have any say in[,] any decisions pertaining to the administration of [IVAMP]."  Opp'n at 1.

In assessing the sufficiency of a claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Because Plaintiff is pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). Although pro se pleadings are liberally construed, they must nonetheless meet this "minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

### III. DISCUSSION

Defendant moves to dismiss the SAC on the ground it fails to state a claim for fraud. Defendant also moves to dismiss the requests for punitive damages and injunctive relief.

#### A. FAILURE TO OPPOSE

As a threshold matter, Plaintiff has effectively conceded the merits of the motion to dismiss by failing to address Defendant's arguments in favor of dismissal. Plaintiff simply urges the Court to "reject" Defendant's arguments, Opp'n at 1, without *any* discussion of their substance. Accordingly, it is within the court's discretion to grant the motion as

1  unopposed.  See Ramirez v. Ghilotti Bros. Inc., 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal.
2  2013) (finding that the plaintiff effectively conceded issues he neglected to respond to in
3  his opposition brief); see also United States ex rel. Anita Silingo v. WellPoint, Inc., 904
4  F.3d 667, 681 (9th Cir. 2018) (holding that the district court did not abuse its discretion in
5  dismissing with prejudice a claim that the plaintiff "did not defend" in response to a motion
6  to dismiss).  Nevertheless, the Court addresses the merits of Defendant's motion below.

### B. FAILURE TO STATE A CLAIM

Defendant moves to dismiss Plaintiff's claim for fraud on the ground that the SAC falls short of satisfying Rule 9(b).  Generally, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Fraud claims must satisfy the heightened pleading standard of Rule 9(b), however. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124-25 (9th Cir. 2009).  Under Rule 9(b), the plaintiff "must state with particularity the circumstances constituting fraud."  "[T]he circumstances constituting the alleged fraud" must be "specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124 (quotation marks and citations omitted).  "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Id. (quotation marks and citations omitted).

Plaintiff fails to state a claim for fraud in the SAC.  The elements of fraud are misrepresentation, knowledge of falsity, intent to defraud, justifiable reliance, and resulting damages. Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (1996).  Although Plaintiff alleges some fraud with regard to "page views and their monetary value," SAC at 2, he does not allege any specific misrepresentation(s).[4]  Nor does he allege when, where, how, or by whom the

---

[4] As noted by Defendant, the AdSense TOS clearly put AdSense users on notice of the practices and policies Plaintiff takes issue with, i.e., that payments are calculated based solely on Google's accounting of ad activity, that users receive payment only for valid activity, that Google withholds payment for invalid activity (e.g., clicks generated by bots), and that payments are issued only once a user's account balance exceeds a certain payment threshold.  See Mot. at 3-4 (citing Solomon Decl., Ex. A & B, Dkt. 22-3 & 22-4).  Plaintiff does not allege otherwise.

representation(s) were made. Plaintiff also fails to allege that he relied to his detriment on any misrepresentation(s) or resulting damages. In fact, the SAC appears to refute any inference of reliance, as Plaintiff states he utilized two page view counting services "from the day [he] signed up with AdSense" and was made aware that Google's page view count is lower than those from the other services. SAC at 3.

In sum, Plaintiff alleges nothing more than a speculative motive to commit fraud. He alleges that Defendant is responsible for counting page views, despite its interest in keeping page view numbers low (presumably, to keep payments to AdSense users low). SAC at 2. He then alleges that "those facts alone" serve as a "clue to how and why [Defendant] *could and would* commit this fraud." Id. (emphasis added). This is plainly insufficient to state a claim. As Defendant points out, Plaintiff's theory of fraud appears to rely on yet another hypothetical, for which no supporting facts are alleged. Specifically, Plaintiff suggests that Defendant not only underreports valid page views to AdSense users, but also reports different page view numbers to advertisers (presumably profiting off the discrepancy). See SAC at 3 ("If Google is claiming fraudulent numbers to the website owners, what do you think they are telling the people who actually pay for the advertising? Basically, the same thing in reverse."). Such conjecture fails to satisfy Rule 8(a), let alone the heightened pleading standard of Rule 9(b). See Mujica v. AirScan Inc., 771 F.3d 580, 592 (9th Cir. 2014) ("mere conjecture" does not satisfy Rule 8(a)'s plausibility standard).

Accordingly, because Plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Twombly, 550 U.S. at 570.[5]

### C. LEAVE TO AMEND

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

---

[5] It is axiomatic that no relief may be sought without a viable cause of action. Because the SAC is dismissed in its entirety, the Court need not reach Defendant's arguments regarding dismissal of the requests for punitive damages and injunctive relief.

1  Plaintiff has now twice amended his complaint and, despite having received notice of the
2  pleadings' defects, shown himself unable to plead a claim for fraud.  The SAC merely adds
3  speculation, otherwise repeating the same sparse factual allegations that the Court
4  previously found deficient.  Where a plaintiff has had prior opportunities to amend and
5  failed to cure the deficiencies of the complaint, denial of further leave to amend is
6  appropriate.  See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010); see
7  also Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a
8  court's discretion to deny leave to amend is particularly broad where the plaintiff
9  previously amended the complaint).

10         Additionally, Plaintiff has twice failed to address the merits of Defendant's motions
11  to dismiss.  With respect to the instant motion to dismiss the SAC, Plaintiff simply asks the
12  Court to "reject" Defendant's arguments, without any substantive discussion.  Opp'n at 1.
13  Plaintiff's opposition brief thus seems to confirm that he can allege no additional facts to
14  support his claim.  See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (holding
15  that a court should consider facts raised for the first time in opposition papers to determine
16  whether to grant leave to amend or to dismiss a complaint with or without prejudice).  In
17  continuing to disavow any contract claim, see SAC at 2 ("I want to be very clear this is not
18  a contract dispute") and alleging only that Defendant is "committing fraud," id., Plaintiff
19  also fails to identify any other viable cause of action.

20         Accordingly, the Court dismisses Plaintiff's SAC without leave to amend.

### IV.    CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Defendant's motion to dismiss is GRANTED and the SAC is DISMISSED without leave to amend.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: July 19, 2021

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge